# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>**AURA SYSTEMS, INC.,**<br>　　　　Debtor, | Case No. LA05-24550-SB<br><br>CHAPTER 11 |
| **AURA SYSTEMS, INC.,**<br>　　　　Plaintiff,<br>vs.<br>**JOHN BAROVICH,** et al.,<br>　　　　Defendants. | Adv. No. 06-10277-SB<br><br>**RULING ON SUMMARY JUDGMENT MOTION**<br><br>DATE: May 23, 2006<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 1575 |

## I. Introduction

This summary judgment motion raises the issue of whether, after the 2001 amendments to Division 9 of the California Commercial Code (the California version of the Uniform Commercial Code ("UCC")), a creditor can create a judicial lien against personal property[1] belonging to a non-California corporation by filing a notice of judgment lien with the California Secretary of State. The court holds that a judicial lien on California personal property governed by Division 9 of the Commercial Code ("California Collateral") cannot be perfected against a non-California corporation by the filing of a notice of judgment lien with the California Secretary of State. Instead, perfection of a lien against such collateral can only be accomplished by an appropriate filing pursuant to the laws of the state where the corporation is incorporated.

## II. Relevant Facts

Debtor Aura Systems, Inc. ("Aura"), a Delaware corporation, filed a voluntary petition under chapter 11 of the bankruptcy code[2] in 2005. In 1995, some ten years earlier, claimants filed a district court action for alleged violations of federal securities laws in connection with their purchase of Aura common stock. In 1999, the parties

---

[1] Security interests in real property are governed by an altogether different legal regime, not relevant hereto.
[2] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as in force prior to the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23 ("BAPCPA"). See id. § 1501 (providing that BAPCPA applies (with exceptions not relevant herein) only to cases filed on or after its effective date).

reached a global settlement, which provided for Aura to pay claimants a total of $4 million in installments.

In late 2002, Aura defaulted on the monthly payment due under the settlement. As a result, the district court entered a final judgment in favor of claimants for the sum of $923,250, the unpaid remainder of the settlement sum. The claimants filed a "Notice of Judgment Lien," using a "Form JI-1," with the California Secretary of State on April 10, 2003. Claimants' proof of claim that states that the claim is secured by accounts receivable, equipment and inventory pursuant to a lien arising from this judgment.

In its motion for summary judgment on its claim objection, Aura contends that a judicial lien cannot be created against a non-California corporate debtor through the filing of a notice of judgment lien with the California Secretary of State. Thus, Aura argues, the claimants' claims are unsecured. The question for this court is whether a judicial lien can be created, after the UCC Article 9 amendments adopted in 2001, by filing a notice of judgment lien with the California Secretary of State against a non-California corporate debtor with property in California.

### III. Analysis

#### A. Judgment Lien under California Law

In support of the secured status of their claim, claimants rely on California Code of Civil Procedure ("CCP") § 697.510, which provides in relevant part: "A judgment lien on personal property described in Section 697.530 is created by filing a notice of

judgment lien in the office of the Secretary of State." CCP § 697.510 (West 2006).

Section 697.530(a) provides in relevant part:

> A judgment lien on personal property is a lien on all interests in the following personal property that are subject to enforcement of the money judgment against the judgment debtor . . . at the time the lien is created *if a security interest in the property could be perfected under the Commercial Code by filing a financing statement at that time with the Secretary of State:*
>
> (1) Accounts receivable.
> (2) Chattel paper.
> (3) Equipment.
> (4) Farm products
> (5) Inventory
> (6) Negotiable documents of title.

See id. § 697.530 (emphasis added).

Defendants contend that their judgment is secured by property of this description. The question before the court is whether a security interest in the California collateral can be perfected under the California Commercial Code by filing a financing statement with the California Secretary of State.

### B. Security Interests in Personal Property

Security interests in personal property are governed generally by Article 9 of the UCC, as adopted in each state of the United States. Prior to July 2001, the California

-4-

Commercial Code provided that, in perfecting a security interest in personal property, the location of the property and type of property determined which state's law controlled the perfection of a security interest thereon. See CAL. COM. CODE § 9103 (repealed 2001). However, in 2001, every state in the United States, including California, adopted substantial amendments to the UCC involving the perfection of security interests in personal property. These amendments took effect on July 1, 2001 in every state (except for four states, none relevant hereto, where the amendments took effect later that year).

California Commercial Code § 9307 (the California version of UCC § 9-307), effective July 1, 2001, determines the location of a debtor for the purposes of personal property security interests. Section 9307(e) specifies: "A registered organization that is organized under the law of a state [such as a corporation] is located in that state." Identical provisions were adopted in 2001 in every other state. Thus, for the perfection of a security interest in personal property, Aura is located in Delaware, because it is a Delaware corporation.

The consequence of Aura's location in Delaware is specified in California Commercial Code § 9301(1), also adopted in 2001, which provides in relevant part: "while a debtor is located in a jurisdiction, the local law of that jurisdiction governs perfection . . . of a security interest in collateral." Again, the law of every other state is similar. Thus, California law dictates that the perfection of a security interest in Aura's California collateral is governed by the internal law of Delaware.

UCC § 9-310, adopted in Delaware as 6 Del. C. 9-310, provides the applicable Delaware law for perfecting a security interest in collateral. This provision states (with

certain exceptions not relevant in this case): "a financing statement must be filed to perfect all security interests . . . ." Section 9-501(a) of the UCC, codified in Delaware as 6 Del. C. 9-501(a), provides the proper location for such a filing: "if the local law of this State governs perfection of a security interest . . ., the office in which to file a financing statement to perfect the security interest . . . is . . . the office of the [Delaware] Secretary of State . . . ."

From these statutory provisions, it follows that, under both California and Delaware law, there is a single place to perfect a security interest in collateral owned by a Delaware corporation, wherever the collateral may be located. That location is the office of the Delaware Secretary of State. It also follows that there is no place in California to file a financing statement that would accomplish such perfection of a security interest in such collateral, including California collateral, belonging to a Delaware corporation.

There are strong policy considerations behind this result. One of the principal purposes of the 2001 changes in Article 9 of the UCC was to require that all UCC security interest filings for a given corporation be made in the corporation's state of incorporation.

Previous law provided that the state where the property was located was usually the proper location for perfecting a security interest. See Former U.C.C. § 9-103(1)(b). This law was unsatisfactory, for two reasons. First, a lender seeking a security interest in a corporation's collateral would have to examine the filings in all states where the corporation had collateral to make sure that there was no outstanding encumbrance in such collateral. In addition, such a lender was required to file its financing statement in

every state where such collateral was located.  This was a burdensome and duplicative process if the borrower was a large corporation.

Second, personal property is frequently moved from state to state.  In consequence, a secured creditor could lose its security interest if it did not adequately keep track of the location of its collateral and take appropriate subsequent steps, within an appropriate time frame, to maintain its secured status by filing in the new state or states where the collateral came to rest.  See UCC § 9-103 (1972) (amended effective July 1, 2001).  In addition, a secured creditor would have to investigate the provenance of collateral to find out if it was subject to a prior perfected security interest in another state.

The goal was to make a UCC security interest filing permanent and easy to find.  For a Delaware corporation, it is now necessary to examine only the UCC filings in Delaware to determine whether there is a perfected security interest for any collateral belonging to the corporation anywhere in the United States.  This is far more efficient and less prone to error than the previous system.[3]

### C. Application of UCC Law to California Judgment Liens

We come now to consider the application of the foregoing law to obtaining a judgment lien on California collateral.  Under CCP § 697.530, a judgment lien on such property can be created only by filing the requisite notice in the office of the Secretary of State.  However, the statute provides that this procedure is effective to create a

---

[3] Similarly, a creditor needs to examine only the filings in the office of the California Secretary of State to determine if a California corporation's collateral, wherever it may be located in the United States, is subject to a prior lien.

-7-

1  judgment lien only if the Commercial Code permits the perfection of a security interest in such collateral by a filing in the same office.

The parties devote much space to discussing which state's Secretary of State's office is specified by the statute. The court need not resolve this dispute. If the statute is interpreted to apply only to the California Secretary of State, the statute does not apply in this case, because the California Commercial Code does not permit the perfection of a security interest in collateral belonging to a Delaware corporation by filing a notice of judgment in California. On the other hand, if we take the California statute to create a judgment lien upon the filing of a notice of judgment lien in the Secretary of State's office in the appropriate state, claimants must lose because they filed their notice of judgment in the wrong state. They should have filed their notice in Delaware instead of in California.

We leave for another day the issue of whether a filing of a notice of judgment lien in Delaware, based on a California judgment with no domestication of the judgment in Delaware, is sufficient to create a judgment lien. In this case, there is no judgment lien because the claimants failed to file their notice of judgment lien in the proper state.

Prior to 2001, the controlling law governing perfection of security interests in California was mostly based on the location of the *property* rather than the location of the debtor. See CAL. COM. CODE § 9103 (West 1982) (repealed 2001). While the procedure regarding the perfection of security interest substantially changed after the amendments made to the California Commercial Code, the legislative comments regarding § 697.530 did not. Because the legislative comments to § 697.530 did not substantially change, the absence of comments regarding the problem of a nonresident

debtor does not support the claimants' conclusion that Aura's location has no bearing on where to file a notice of judgment lien.

Aura's position is further supported by the fact that, in California, creating a judicial lien by filing a notice of judgment lien is not the only way to create a judicial lien on a debtor's property. If a debtor corporation is incorporated in another state, then, under CCP § 697.520, creating a judicial lien by filing a notice of judgment lien with the Secretary of State is an "alternative or in addition to a lien created by levy under a writ of execution" or other enforcement procedures. *Id.* Thus, creditors generally have other enforcement remedies to obtain a judgment lien in California against a non-California resident.

Moreover, along with the other available remedies under California law, creditors seeking to impose a judgment lien on a non-California corporation may utilize the procedures in the state where the corporation is incorporated.

## IV. Conclusion

In California, the filing of a notice of judgment lien with the California Secretary of State is no longer a valid means to create a judicial lien against the California collateral of a non-California corporation. After the 2001 revisions to the California Commercial Code, the location of the debtor, not the property, controls where a security interest can be perfected. Thus, a corporate judgment debtor must be incorporated in California to permit the creation of a judicial lien through the filing of a notice of judgment lien with the California Secretary of State. Because Aura is incorporated under the laws of

Delaware, the claimants did not obtain a judgment lien on its California collateral through the filing of a notice of judgment lien with the California Secretary of State. Therefore, claimants' judgment against Aura only supports an unsecured claim in this case.

Summary judgment is granted to Aura.

DATED: August 18, 2006

SAMUEL L. BUFFORD
UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF MAILING

I certify that a true copy of this **RULING ON SUMMARY JUDGMENT MOTION** was mailed on ___AUG 2 1 2006___ to the parties listed below:

U.S. Trustee's Office
725 So. Figueroa St., Suite 2600
Los Angeles, CA 90017

John W. Allured
Law Offices of John W. Allured
One Maritime Plaza, Suite 1040
San Francisco, CA 94111

Michael A. Oswald
Oswald & Yap
16148 Sand Canyon Ave.
Irvine, CA 92618

Victor Chiau
860 Polaris Ave.
Foster City, CA 94404

Linna Chao
17220 Newhope St., Unit 105
Fountain Valley, CA 92708

Ron Bender
Monica Y. Kim
Levene, Neale, Bender, Rankin & Brill, LLP
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Alice Chiau
860 Polaris Ave.
Foster City, CA 94404

Dwight Chao
17220 Newhope St., Unit 105
Fountain Valley, CA 92708

Gary J. Ceriani
Michael P. Cillo
Davis & Ceriani, P.C.
1350 17th St., Suite 400
Denver, CO 80202

John Barovich
910 Poly Drive, #C
Billings, MT 59102

DATED: **AUG 2 1 2006**

_____
DEPUTY CLERK